UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,    ) | Case No. 1:12-cr-00127 |
| ) | |
| v.    ) | Honorable Paul L. Maloney |
| ) | |
| KENNETH DUANE WARE,    ) | |
| ) | |
| Defendant.    ) | |
| _____)   | |

### REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on July 19, 2012, after receiving the written consent of defendant and all counsel. At the hearing, defendant Kenneth Duane Ware entered a plea of guilty to Count One of the Indictment in exchange for the undertakings made by the government in the written plea agreement. In Count One of the Indictment, defendant is charged with conspiracy to possess with intent to distribute 100 kg or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) (vii). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

The defendant inquired at the plea hearing regarding limitations imposed on his civil right to vote as the result of a federal felony conviction. The United States Supreme Court has held that states have the authority to prevent felons from voting. *See Richardson v. Ramirez*, 418 U.S. 24 (1974); *see also*, *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) ("[t]he state may, within the bounds of the Constitution, strip convicted felons of their voting rights"). The Michigan Constitution provides that "[t]he legislature may by law exclude persons from voting because of mental incompetence or commitment to a jail or penal institution." Mich. Const. art. 2 § 2. On this particular issue, Michigan law provides that "[a] person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election while confined." Mich. Comp. Laws § 168.758b. However, under Michigan law "once incarceration ends, a convicted felon's right to vote. . .is restored automatically." *Hampton v. United States*, 191 F.3d 695, 699 (6th Cir. 1999); *see also*, *United States v. Cooper*, 2012 WL 12706 at *4 (E.D. Mich., Jan. 4, 2012) (same). The Court offers no comment, however, concerning the law of any other state on this topic.

I therefore recommend that defendant's plea of guilty to Count One of the Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


Date:  July 20, 2012                               /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge

- 3 -

## **NOTICE TO PARTIES**

You have the right to <u>de novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).